**No. 26-3535**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**MICHAEL REDDEN, *PLAINTIFF-APPELLANT,***

**V.**

**TIM BAIRD & ROSS TOWNSHIP, OH, *DEFENDANTS-APPELLEES*.**

On appeal from the United States District Court for the Southern District of Ohio,
Case No. 1:24-cv-00342

# BRIEF OF DEFENDANTS-APPELLEES TIM BAIRD AND ROSS TOWNSHIP

Dawn M. Frick (0069068)
Jeffrey C. Turner (0063154)
Justin R. Marks (0103811)
8163 Old Yankee Street, Ste. C
Dayton, Ohio 45458
(937) 222-2333 (office), (937) 222-1970 (fax)
jturner@sdtlawyers.com
dfrick@sdtlawyers.com
jmarks@sdtlawyers.com
*Attorneys for the Appellees*

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **MICHAEL REDDEN,** | **:** | **CASE NO.: 26-3535** |
| ***Appellant,*** | **:** | **Appeal from the United States District Court for the Southern** |
| **v.** | **:** | **District of Ohio** |
| **TIM BAIRD, *et al*.,** | **:** | **Case No. 1:24-CV-00342** |
| ***Appellees*.** | **:** | |

**DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST**

Pursuant to 6th Cir.R. 26.1, Defendants-Appellees Tim Baird and Ross Township, Ohio, make the following disclosure:

1. Are said parties a subsidiary or affiliate of a publicly owned corporation? **NO.**

2. Is there a publicly owned corporation, not a party to the appeal that has a financial interest in the outcome? **NO.**

Date September 23, 2026

*s/Dawn M. Frick*
Dawn M. Frick (0069068)

# TABLE OF CONTENTS

**Page**

Table of Authorities……………………………………………………..……….iv

I. Statement in Support of Oral Argument………………………….….…viii

II. Statement of Issues……………………………………………………..1

III. Statement of the Case…………………………………………………..2

A. Relevant Procedural History…………………………….…………..2
B. Relevant Factual Background……………………….………………2

IV. Summary of Argument……………………………………...........5

V. Law and Argument……………………..………………………….....7

A. Standard of Review……………………………...…...………...7

B. The District Court Did Not Err In Finding Baird Is Entitled to Qualified Immunity………………..........................................................................8

1. The District Court Did Not Err In Granting Baird Summary Judgment on Appellant's False Arrest Claim………………………………..11

a. Baird Had Probable Cause To Arrest Redden for Domestic Violence Pursuant to R.C. § 2919.25(A)……………………..14
b. Baird Had Probable Cause to Arrest Redden for Domestic Violence Pursuant to R.C. § 2919.25(C)……………………..16
c. Had Probable Cause to Arrest Redden for Domestic Violence Under Either Section……………………………………….17
d. An arrest is lawful "so long as there is probable cause to arrest her for some crime, even if the crime for which there is probable cause is different from the stated crime of arrest".…23

i. Baird Could Have Arrested Redden For Theft………..24

ii. Barid Could Have Arrested Redden For Criminal Mischief……………………………………………..26

2. The District Court Did Not Err In Granting Baird Summary Judgment On Appellant's Malicious Prosecution Claim………………………28

a. Baird Did Not Actively Participate In the Decision To Prosecute……………………………………………………...29
b. Probable Cause To Arrest And Probable Cause to Prosecute Are Distinct (And There Was Probable Cause To Both)…….31

C. The District Court Did Not Err In Dismissing Redden's *Monell* Claim Against Ross Township………………………...……………………33

VII. Conclusion.………………………………………………………………37

VIII. Certificate of Compliance………………………………………………..39

IX. Certificate of Service……………………………………………………40

X. Addendum………………………………………………………………41

## TABLE OF AUTHORITIES

**Cases**

*Alford v. Deffendoll*, 165 F.4th 490 (6th Cir. 2026)……………………………….31

*Amis v. Twardesky*, 637 Fed. Appx. 859 (6th Cir. 2015)…………12, 13, 17, 23, 26

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)..........................................8

*Arendale v. City of Memphis*, 519 F.3d 587 (6th Cir. 2008)………………………8

*Arrington-Bey v. City of Bedford Heights*, 858 F.3d 988 (6th Cir. 2017)…………33

*Bard v. Brown Cty.*, 970 F.3d 738 (2020)……………………………………..8

*Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397 (1997)…………………...………35

*Beck v. Hamblen Cty.*, 969 F.3d 592 (6th Cir. 2020)………………………………9

*Bentley v. Grange Mut. Cas. Ins. Co.*, 119 Ohio App. 3d 93, 694 N.E.2d 526 (Ohio Ct. App. 1997)……………………………………………………...31

*Brown v. Battle Creek Police Dep't*, 844 F.3d 556 (6th. Cir. 2016)………………17

*Chambers v. Sanders*, 63 F.4th 1092 (2023)……………...……………………….33

*Citizens in Charge, Inc. v. Husted*, 810 F.3d 437 (6th Cir. 2016)…………………22

*City of Broadview Heights v. Waseleski*, 2023-Ohio-4790 (8th Dist.)…………..……27

*City of Middleburg Heights v. Musa*, 2013-Ohio-366 (8th Dist.)………..……15,18

*Cotton v. Hughes*, 176 F.4th 886 (2026)……………………………………..29

*Devenpeck v. Alford*, 543 U.S. 146, 153 (2004)………………………….....12, 24

*District of Columbia v. Wesby*, 583 U.S. 48 (2018). ............................................9

*Fisher v. Jordan*, 91 F.4th 419 (6th Cir. 2024)…………………………….....…12

*Fox v. DeSoto*, 489 F.3d 227 (6th Cir. 2007)…………………………….………28, 32

*Gambrel v. Knox Cty.*, 25 F.4th 391 (6th Cir. 2022)………………………………8

*Hartman v. Thompson*, 931 F.3d 471 (6th Cir. 2019)……………………………….…….12

*Hoover v. Due*, 152 F.4th 749 (2025) ..........................................................…..8

*Howell v. NaphCare, Inc.*, 67 F.4th 302 (6th Cir. 2023)…………………………..37

*Jackson v. City of Cleveland*, 925 F.3d 793 (6th Cir. 2019)………………………35

*Jackson v. City of Cleveland*, 831 F. Supp. 3d 526 (N.D. Ohio 2026)……………13

*Jones v. Clark Cty.*, 959 F.3d 748 (6th Cir. 2020)…………………………………28

*Kinkus v. Village of Yorkville*, 289 Fed. Appx. 86 (6th Cir. 2008)……..…….30, 31

*Lewis v. Charter Twp. of Flint*, 660 Fed. Appx. 339 (6th Cir. 2016)………………9

*Logsdon v. Hains*, 492 F.3d 334 (6th Cir. 2007)…………………………………..…11

*Malley v. Briggs*, 475 U.S. 335 (1986)…………………………...…………...…9

*Martinez v. Wayne Cnty.*, 142 F.4th 828 (6th Cir. 2025)…………………………..33

*Maryland v. Pringle*, 540 U.S. 366 (2003)……………………………………..11

*Miller v. Maddox*, 866 F.3d 386 (6th Cir. 2017)…………………………………..…29

*Moore v. City of Memphis*, 853 F.3d 866 (6th Cir. 2017)…………………………12

*Morgan v. Wayne Cnty.*, 33 F.4th 320 (6th Cir. 2022)………………………….…35

*Novak v. City of Parma*, 33 F.4th 296 (6th Cir. 2022)…...……………………11, 29

*Ouza v. City of Dearborn Heights*, 969 F.3d 265 (6th Cir. 2020)……..13, 14. 33, 37

*Paris v. MacAllister Mach. Co.*, 175 F.4th 787 (6th Cir. 2026)……………………7

*Puskas v. Delaware County*, 56 F.4th 1088 (6th Cir. 2023)…...……...10, 12, 14, 21

*Rehberg v. Paulk*, 566 U.S. 356 (2012)……………………...………………....29

*Richards v. Cty. of Washtenaw*, 818 Fed. Appx. 487 (6th Cir. 2020)…………29, 30

*Rivas-Villegas v. Cortesluna*, 595 U.S. 1 (2021)………………………………..9

*Robertson v. Lucas*, 753 F.3d 606 (6th Cir. 2014)…………………………...…33

*San Jose Charter of the Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962 (9th Cir. 2005)…………………………………………………………...17

*Sheets v. Mullins*, 109 F. Supp. 2d 879 (S.D. Ohio 2000)……………………19, 23

*Sova v. City of Mt. Pleasant*, 142 F.3d 898 (6th Cir. 1998)………………………..9

*State of Ohio/City of Toledo v. Howard*, 2025-Ohio-5486 (6th Dist.)…..............…15

*State of Ohio/City of Toledo v. Sampson*, 2025-Ohio-404 (6th Dist.)…………….15

*State v. Bowling*, 2024-Ohio-6060 (12th Dist.)…………………….…………..15

*State v. Casey*, 2024-Ohio-689 (12th Dist.)………….……………………..17, 19

*State v. Celli*, 2017-Ohio-2746 (9th Dist.)……….…………………………16, 18

*State v. Collier*, 2010-Ohio-4039 (2nd Dist.)……….…………………………….26

*State v. Cooke*, 2016-Ohio-3445 (5th Dist.)……………….…………………...26

*State v. Gipp*, 2024-Ohio-1076 (2nd Dist.)…….…………………………...19, 23

*State v. Holder*, 2024-Ohio-4505 (2nd Dist.)………………...………………25, 26

*State v. Jennings*, 2025-Ohio-5790 (7th Dist.)………………………….…17, 18

*State v. Johnson*, 155 Ohio App. 3d 417 (2nd Dist. 2003)……………………..15

*State v. Lynch*, 2026-Ohio-2977 (12th Dist.)……….……………………23, 24

*State v. Martin*, 2024-Ohio-2334 (4th Dist.)……………………...……………25

*State v. Miller*, 2015-Ohio-644 (3rd Dist.)……………………………….……………25

*State v. Oatis*, 2026-Ohio-724 (4th Dist.)……….………………………17, 18

*State v. O'Neill*, 2015-Ohio-815 (3rd Dist.)…………….…………………..19, 23

*State v. Pesec*, 2007-Ohio-3846 (11th Dist.)……………………………………...25

*State v. Redden*, 2024-Ohio-1088 (12th Dist.)……..……………………………5

*State v. Schlosser*, 2011-Ohio-4183 (3rd Dist.)……...……………………..16, 19

*State v. Terzo*, 2003-Ohio-5983 (12th Dist.)……………………………….……...17

*Sykes v. Anderson*, 625 F.3d 294 (6th Cir. 2010)……………….…………..…28, 32

*Thacker v. City of Columbus*, 328 F.3d 244 (2003)………………………………12

*United States v. Baker*, 976 F.3d 636 (6th Cir. 2020)…………………………….11

*United States v. Moore*, 999 F.3d 993 (6th Cir. 2021)………………………….....10

*White v. Roch*, 2005-Ohio-1127 (9th Dist.)……………….……………………..19, 23

*Whren v. United States*, 517 U.S. 806 (1996)………………………….….….24

*Wood v. Eubanks*, 25 F.4th 414 (6th Cir. 2022)………………………………...11

*Wright v. City of Euclid*, 962 F.3d 852 (6th Cir. 2020)…………...………………28

**Statutes**

O.R.C. § 2919.25……………………………………………………..*passim*

O.R.C. § 2935.03……………………………………………………. *passim*

O.R.C. § 2901.22 ……………………………………………………..21, 22

O.R.C. § 2909.07…………………………………………………………26

O.R.C. § 2913.01…………………………………………………………25

**Rules**

Fed. R. Civ. P. 56 ........................................................................................8

## I. Statement in Support of Oral Argument

Appellees Tim Baird and Ross Township hereby request oral argument in this matter. The claims in this case include wrongful arrest and malicious prosecution against Tim Baird and a *Monell* claim against Ross Township. Appellees believe the briefs sufficiently address the issues before this Court but request oral argument to the extent it would be necessary.

## II. Statement of the Issues

1. Whether Defendant-Appellee Tim Baird is entitled to qualified immunity?

2. Whether Defendant-Appellee Tim Baird had probable cause to arrest Michael Redden for a violation of Ohio law?

3. Whether Defendant-Appellee Tim Baird submitting the case to the prosecutor and testifying at trial connotates malicious prosecution if in fact there was no probable cause for arrest?

4. Whether Ross Township failed to supervise Tim Baird such that it was causally related to a constitutional harm?

## III. Statement of the Case

### A. Relevant Procedural History

Plaintiff-Appellant Michael Redden ("Redden") appeals the District Court's May 26, 2026, Opinion and Order (Op. & Ord., RE 24) granting Defendant-Appellees Tim Baird ("Baird" or "Officer Baird") and Ross Township's ("Township")(collectively, "Appellees") September 15, 2025 Motion for Summary Judgment as to all claims. (MSJ, RE 19.)

Redden filed his Merit Brief (App. Doc. 13) on August 24, 2026. Therein, Redden argues the District Court erred in granting Baird qualified immunity as to Redden's claims for wrongful arrest and malicious prosecution. Redden further argues that the District Court erred in granting the Township summary judgment as to a failure to supervise *Monell* claim.

### B. Relevant Factual Background

The incident underlying this case occurred on July 7, 2023, when Officer Baird's investigated a domestic violence complaint against Redden made by Bridget Langen ("Langen"). (Baird Depo., RE 16, PgID 89; 94.) Langen came to the police department and reported that she was at 2043 Wagon Wheel Drive., Hamilton, Ohio, to pick up her juvenile child she has in common with Redden, and whom she was permitted to spend time with after their relationship ended. (Id., PgID 94.)

Langen—distraught and crying—told Baird that Redden stole her cell phone from the front seat of her car while placing the child in the vehicle to leave. (RE 16, PgID 94-95.) Langen chased Redden to retrieve her phone during which time Redden made derogatory comments towards her and threatened to take the child away. (Id. at 95.) Redden entered the house and Langen attempted to follow him through the patio door to retrieve her phone. (Id.) Her attempt was unsuccessful, however, due to Redden—still in possession of her phone—pushing her to the ground and slamming the door on her, causing visible injuries to Langen's arm and leg. (Id. at 85; 95.)

While at the police department, Langen provided a signed written statement regarding the events and Baird photographed her injuries. (Id. at 85; 88-89.) Notably, Baird also spoke with Redden at the time of taking Langen's complaint (Id. at 79.) After speaking to Langen and obtaining her written statement, Baird responded to Redden's address to further investigate the incident and to obtain Redden's side of the story. (Id. at 88-89.) Redden testified that Baird arrived and asked him "all the questions." (Redden Depo, RE 18, PgID 472.) According to Redden, *after* Baird obtained Redden's verbal statement he told Redden to "give [the] phone back or [he] was going to be charged with felony theft or return it and get charged with misdemeanor domestic violence." (Id. at 472-473.) Additionally, during the incident between Redden and Langen, Redden's daughter took cell phone video footage of

the confrontation and Baird spoke with her and watched the videos. (Id. at 474.; Baird Depo, RE 16, PgID 105.) Baird watched the "whole thing" according to Redden's testimony. (Redden Depo. RE 18, PgID 474.) The footage depicted Langen running after Redden (Baird Depo. RE 16, PgID 112; 00:00-00:02); Langen asking for assistance from the neighbor (Id., PgID 114; 00:00-00:15); Langen attempting to retrieve her phone from Redden while being pushed toward the ground at the door of the residence (Id. PgID 123; 00:00-00:16; PgID 122; 00:00-01:00); Redden calling Langen a piece of shit (Id., PgID 118-119; 00:00-00:09); and Langen yelling for someone to call the cops (since she could not because Redden took her phone). (Id., PgID 120; 00:00-01:07.)

All in all, Baird spoke with Langen; obtained Langen's written statement; spoke with Redden; spoke with Redden's daughter; and viewed the entirety of the video footage. Baird found that the video corroborated Langden's statement because he observed "Mr. Redden forcefully pushing Ms. Langen down on the ground, causing the subsequent scratch on her knee and the tearing of her pants," which corroborated her statements. (Baird Depo. RE 16., PgID 126; Langen Statement RE 16-5, PgID 208-209.) Only after doing all these things did Baird arrest Redden for domestic violence and transport him to the Butler County Jail. (Doc 16., PgID 132.)

Redden was convicted of domestic violence after a bench trial (Hamilton Municipal Court No. CRB 2301790). Redden subsequently appealed that verdict to

the 12th District Court of Appeals. Important for purposes below, Redden was convicted under Ohio's Domestic Violence statute, R.C. § 2919.25(A). (Opinion, RE 16-6, PgID 213)(*State v. Redden*, 2024-Ohio-1088, ¶ 3 (12th Dist.)). The statute prohibits a person from "knowingly caus[ing] or attempt[ing] to cause physical harm to a family or household member." R.C. § 2919.25(A).

The 12th District Court of Appeals reversed the trial court's decision and held that the conviction *at trial* was not supported by sufficient evidence. (RE 16-6, PgID 214-215.) Namely, the Court found that there was not sufficient evidence at trial to prove that Redden did "knowingly cause or attempt to cause Langen physical harm." (Id. at 215.) The Court did not address any lesser included offense. (Id.)

However, the opinion did not address or mention probable cause for the arrest whether it be for R.C. § 2919.25(A), another subsection of the statute, or any other offense. (Id.) What the opinion does refer to is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Id, PgID 213.) This is the standard for conviction, not for probable cause.

## IV. Summary of the Argument

The District Court properly granted Appellees' Motion for Summary Judgment on Redden's false arrest and malicious prosecution claims, including that Baird was entitled to qualified immunity. Officer Baird took a complaint for

domestic violence from a victim who was crying with visible injuries and obtained a written statement from her regarding the claim. The written statement alone provided "reasonable cause" (probable cause) pursuant to Ohio law for Baird to arrest Redden for domestic violence. Despite this, Baird took the investigation further by speaking with Redden, speaking with a witness (his daughter), and watching cell phone footage of the incident.

After all of this he determined that there was probable cause to arrest Redden even though he could have arrested Redden simply with the written statement under Ohio law. Even Redden concedes this. But Redden now argues that the written statement does not matter and that in his mind, Officer Baird's pursuance of more information facially undercuts a showing of probable cause. In other words, Redden stands in the not-so-uncommon position of being a former suspect who claims, "he didn't do it." Redden's argument, however, is largely based upon the Twelfth District Court of Appeals Decision which found there was insufficient to *convict* Redden under R.C. § 2919.25(A) *at trial*.

In doing so, Redden ignores that a probable cause determination is not based upon a court's after-the-fact finding of insufficient evidence at trial, and it is not based upon a former suspect's not-so-uncommon claim of innocence. The existence of probable cause is rather based upon the knowledge of a police officer on the scene and whether that knowledge permits a reasonable belief that the suspect *probably*

committed some crime—probable cause. And in this case, that low-hanging bar stands beside the Ohio Revised Code which *prefers* arrest for domestic violence and provides that a written statement is grounds for arrest.

Redden would have it otherwise. Redden believed and still believes that he was entitled to a trial in his driveway. It should go without saying that there is no law or constitutional provision obligating a police officer to hold a driveway trial to determine whether a suspect is guilty beyond a reasonable doubt. That is reserved for a courtroom in the future. The arguments throughout these proceedings therefore reduce to (1) Baird's belief that he had probable cause to arrest Redden and (2) Redden's belief that Baird was not permitted to believe that. This action is merely Redden's attempt to usurp the probable cause inquiry and place it in the hands of the suspect. Redden and any other suspect have never held that luxury. As demonstrated below, Redden's false arrest claim fails, and the remaining claims fail by implication.

## V. Law and Argument

### A. <u>Standard of Review</u>

Summary judgment is subject to de novo review. *Paris v. MacAllister Mach. Co.*, 175 F.4th 787, 794 (6th Cir. 2026). "Summary judgment is appropriate if a party establishes there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." *Id.*, *citing* Fed. R. Civ. P. 56(a). In doing so, the Court "views the factual evidence and draws all reasonable inferences in favor of the non-moving

party." *Bard v. Brown Cty.*, 970 F.3d 738, 748 (2020)(citation omitted). However, "[w]here there is video footage of an incident, we view the facts in the light depicted by any unambiguous footage." *Hoover v. Due*, 152 F.4th 749, 755 (2025)(citation omitted). Moreover, the facts relied upon in making the determination are those "that might affect the outcome of the suit under the governing law[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The facts proffered by the non-moving party must be "more than mere speculation, conjecture, or fantasy." *Arendale v. City of Memphis*, 519 F.3d 587, 601 (6th Cir. 2008). Here, what Redden relies upon is based upon his feeling rather than factual support and the law.

**B. <u>The District Court Did Not Err in Finding Baird Is Entitled to Qualified Immunity.</u>**

The District Court did not err in granting Baird qualified immunity. After all, there are no underlying constitutional claims to find otherwise. (Op. & Ord., RE 24, PgID 976-977.) Nevertheless, Baird would be entitled to qualified immunity even if the District Court had erroneously found a constitutional violation. A plaintiff cannot hold officers liable unless the relevant caselaw gave the officers "fair notice" that their [conduct] was unconstitutional." *Gambrel v. Knox Cty.*, 25 F.4th 391, 400 (6th Cir. 2022), *citing Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5 (2021). Fair notice means a plaintiff "must identify a case with a similar fact pattern" to give an officer a warning of what the law requires. *Beck v. Hamblen Cty.*, 969 F.3d 592, 600 (6th

Cir. 2020). The plaintiff must "identify 'a high 'degree of specificity' the legal rule that a government official allegedly violated."' *Id*. at 599, *citing District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018).

A court should deny qualified immunity only "if, on an objective basis, it is obvious that no reasonably competent officer would have [acted in the same manner]; but if officers of reasonable competence could disagree on this issue, immunity should be recognized." *Lewis v. Charter Twp. of Flint*, 660 Fed. Appx. 339, 346 (6th Cir. 2016), *citing Malley v. Briggs*, 475 U.S. 335, 341, 106 S. Ct. 1092 (1986). *See also Sova v. City of Mt. Pleasant*, 142 F.3d 898, 903 (6th Cir. 1998), *citing Malley*, 475 U.S. at 341("[I]f officers of reasonable competence could disagree on this issue, immunity should be recognized.") Put differently, abrogating qualified immunity in this case means that *all* law enforcement officers under the instant facts must agree that Baird's actions violated a constitutional right and that no law enforcement officer under the instant facts would have arrested Redden. Simply put, this means that no officer would believe Baird had probable cause. Only if this occurs is an officer's immunity subject to abrogation. Notably, Baird's supervisor (also a police officer) testified there was probable cause, so this is favorable to Baird from the start. (Bryan Rogers Depo., RE 17, PgID 253.)

If Baird is not entitled to qualified immunity, this case, assuming publication, would in fact become the relevant caselaw putting officers on "fair notice" that their

conduct (decision-making) was unconstitutional. To this end, officers would be on notice that there is no probable cause where: **(1)** a victim of domestic violence is injured; **(2)** the victim provided a signed statement (providing probable cause); **(3)** the officer investigated further despite having probable cause; **(4)** the officer viewed video of the incident; **(5)** the officer spoke with a witness and the suspect; and **(6)** the incident was in a state that practically mandates an arrest for domestic violence.

At the same time, however, case law would simultaneously state that what matters is the "perspective of a reasonable officer at the scene." *Puskas v. Del. Cnty.*, 56 F.4th 1088, 1094 (6th Cir. 2023). Thus, despite the above six (6) "clues," no officer would be permitted to think and act upon their belief of probable cause; because as it would stand, what the officer observes would no longer matter. Case law does not support this.

It was not clearly established that Baird lacked probable cause to arrest Redden for domestic violence (or otherwise). When like here, case law informs an officer what constitutes probable cause to arrest for an offense, such as a signed statement, it would be impossible to find that all "reasonably competent officers" would find the arrest invalid or that no "reasonably competent officer" would find the arrest valid. It would otherwise turn the probable cause inquiry into an exercise in quantum physics and leave qualified immunity and the law, generally, without

meaning. The law says that Baird had probable cause, and the law says that it was Baird's – not Redden's – decision to arrest.

### 1. The District Court Did Not Err In Granting Officer Baird Summary Judgment On Appellant's False Arrest Claim.

The District Court did not err in determining Baird had probable cause to arrest Redden. Probable cause is not a high bar. *United States v. Moore*, 999 F.3d 993, 996 (6th Cir. 2021). For it to exist, "the facts and circumstances known to the officer" must be sufficient to lead a "prudent man' to believe an offense has been committed."' *Novak v. City of Parma*, 33 F.4th 296, 304 (6th Cir. 2022), *citing Logsdon v. Hains*, 492 F.3d 334, 341 (6th Cir. 2007). Whether probable cause to arrest exists is based upon the "totality of the circumstances." *United States v. Baker*, 976 F.3d 636, 645 (6th Cir. 2020), *citing Maryland v. Pringle*, 540 U.S. 366, 371 (2003). It is therefore something "incapable of precise definition or quantification into percentages because it deals with probabilities[.]" *Id*.

Relevant here, "[a] showing of 'probable cause provides a complete defense to a claim of false arrest," even if the officer's belief of probable cause was ultimately erroneous. *Wood v. Eubanks*, 25 F.4th 414, 421 (6th Cir. 2022). But more relevant is that an arrest is lawful "so long as there is probable cause to arrest [ ] for some crime, *even if the crime for which there is probable cause is different from the stated crime of arrest*." *Amis v. Twardesky*, 637 Fed. Appx. 859, 861 (2015), *citing Devenpeck v.*

*Alford*, 543 U.S. 146, 153, 155 (2004)(emphasis added). The law does not require an officer "have proof of each element of a domestic violence offense[.]" *Thacker v. City of Columbus*, 328 F.3d 244, 256 (2003). Rather, the law requires the officer "believe that a probability existed that he committed the offense." *Id*.

Equally important is that dismissed charges or later findings of innocence *do not* preclude a finding of probable cause. *Fisher v. Jordan*, 91 F.4th 419, 425 (6th Cir. 2024). Courts therefore consider only "the facts known to the arresting officer at the time of the arrest." *Hartman v. Thompson*, 931 F.3d 471, 481 (6th Cir. 2019), *citing Devenpeck*, 543 U.S. at 155 (2004); *see also*, *Puskas*, 56 F.4th at 1094 ("perspective of a reasonable officer at the scene."). This means the totality is not gauged with the luxury of "20/20 vision of hindsight." *Moore v. City of Memphis*, 853 F.3d 866, 871 (6th Cir. 2017). It is also not based upon what evidence a prosecutor ultimately presented to the court during prosecution. As shown below, Redden's argument of a lack of probable cause stands for everything probable cause is not and dismisses wholesale what it is.

Redden's probable cause arguments fail to address *all* the issues and matters of law at hand. Again, as Baird and the District Court noted, "[an] officer can lawfully arrest [a suspect] so long as there is probable cause to arrest [him] for some crime, even if the crime for which there is probable cause is different from the stated crime of arrest." *Amis*, 637 Fed. Appx. at 861. This is not to say that Baird *did not*

have probable cause to arrest Redden for a violation of R.C. § 2919.25(A) – he did. This only means that *even if* probable cause was lacking under R.C. § 2919.25(A) (it was not), probable cause remained for Redden's other offenses at 2043 Wagon Wheel Drive on July 7, 2023.

Redden's entire argument as to what is "clearly established" that Baird purportedly violated hinges upon the belief that Baird ignored exculpatory evidence. First, of course a defendant will claim evidence is exculpatory. *See generally*, *Jackson v. City of Cleveland*, 831 F. Supp. 3d 526, 578 (N.D. Ohio 2026). Second, Redden even goes so far to say that Baird in fact had probable cause. (App. Doc. 13, PgID 25, fn. 6.)("The statement from Langen, standing alone, may have been sufficient to establish probable cause. This Court has noted that the statement of a supposed victim alone can be enough to support probable cause.") But Redden points to the video footage and decries that exculpatory evidence existed. (Id., PgID 22.)

With that, citing to *Ouza*, he argues that "that an officer must consider both inculpatory and exculpatory evidence when assessing probable cause." (Id., PgID 16), *citing Ouza v. City of Dearborn Hts.*, 969 F.3d 265, 282-83 (6th Cir. 2020). True. But exculpatory evidence, to the extent it existed (it did not), is only part of the "totality of the circumstances." *Ouza*, 969 F.3d 265 at 289. Thus, even if Redden believes that one video is "exculpatory," that is only *part* of the totality of the

circumstances – including the written statement that even Redden admits provided probable cause in the first place. In doing so, Redden demands that this Court find that Baird did not consider the totality of the circumstances – *all* factors – while at the same time pointing to only a snippet of that totality to make his argument. On the other hand, as shown thoroughly below, Appellees demonstrate that the totality of the circumstances demonstrate that Baird had enough to meet the low threshold of probable cause for at least one offense. In short, there is no clearly established edict that a police officer believe a former defendant's version of the totality of the circumstances. The totality is gauged on the officer at the scene. *Puskas*, 56 F.4th at 1094.

***a. Baird Had Probable Cause to Arrest Redden for Domestic Violence Pursuant to R.C. § 2919.25(A).***

Baird arrested Redden for violating R.C. § 2919.25 and was not in error in doing so. Baird responded to 2043 Wagon Wheel Drive., Hamilton, Ohio, in reference to a domestic violence complaint. Upon arrival, he spoke with Redden, Redden's daughter, and reviewed video footage available by way of the daughter's recording. Prior to this he spoke with Langen at the police department who was distraught and had injury to her leg and torn clothing. The footage depicted the former couples' confrontation, Langen asking for assistance from the neighbor, Langen attempting to retrieve her phone, Redden calling her a piece of shit, and

Langen yelling for someone to call the police. These facts generated probable cause. Case law determines as much.

A distraught and injured victim furthers the inference of probable cause. *See State of Ohio/City of Toledo v. Sampson*, 2025-Ohio-404, ¶ 16 (6th Dist.); *see also State v. Bowling*, 2024-Ohio-6060, ¶ 10 (12th Dist.)("[The officer] described victim as "upset," "emotional," and "distraught.") Ripped clothing is also a sign of domestic violence. *See State v. Johnson*, 155 Ohio App. 3d 417, 418 (2nd Dist. 2003). An injury is indicative of violence, but any arrest for domestic violence need not be based upon a major injury as domestic violence may occur "even if the victim sustains only minor injuries, or sustains no injury at all." *State of Ohio/City of Toledo v. Howard*, 2025-Ohio-5486, ¶ 23 (6th Dist.).

Notably, Ohio case law reveals that minor injuries over a struggle for personal property are sufficient to warrant a *conviction* for domestic violence. For example, in *City of Middleburg Heights v. Musa*, the victim was injured during a struggle over car keys. *City of Middleburg Heights v. Musa*, 2013-Ohio-366, ¶ 17 (8th Dist.). The Court found that "[r]egardless of [defendant's] purpose, it is reasonable to infer that he was aware that by struggling with his wife to get the car keys and dragging her from their son's room to the outside of the house, he would probably be causing her some injury, even if only a slight and fleeting injury." *Id*.

In *State v. Schlosser*, according to the defendant, the victim (unlike here) took the defendant's cell phone, which led to them both standing up, the victim biting the defendant, and both of them ending up on the ground. *State v. Schlosser*, 2011-Ohio-4183, ¶ 8 (3rd Dist.). The defendant's injury consisted of a bite mark, the victim sustained injury to her neck, and the evidence of which was introduced at trial. *Id*. The Court found, while acknowledging the different versions of the events, that the twelve jurors did not lose their way in convicting defendant under R.C. § 2919.25(A). *Id*. at ¶¶ 42-43; *see also*, *State v. Celli*, 2017-Ohio-2746, ¶ 24 (9th Dist.) ("[A] mutual, but escalating argument and struggle between [defendant and victim] over personal belongings . . . [does not preclude] [a] reasonable trier of fact [from] find[ing] that [defendant] was aware that he was about to make physical contact with [victim] and that by doing so he would probably cause her physical harm."). Probable cause existed for Redden's arrest.

***b. Baird Had Probable Cause to Arrest Redden for Domestic Violence Pursuant to R.C. § 2919.25(C).***

Assume for the sake of argument that Baird did not have probable cause to arrest Redden for domestic violence under R.C. § 2919.25(A). Does this mean Baird did not have probable cause to arrest him pursuant to R.C. § 2919.25(C)? It does not. Ohio law prohibits a person from "knowingly caus[ing] a family or household member to believe that the offender will cause imminent physical harm to the family or household member." R.C. § 2919.25(C) "[The] threat need not be verbalized;

rather the threat can be implied by the offender's actions." *State v. Jennings*, 2025-Ohio-5790, ¶ 13 (7th Dist.), *citing State v. Terzo*, 2003-Ohio-5983, ¶ 18 (12th Dist.). Moreover, "[a] victim's belief that the offender will cause imminent physical harm to the victim may be (1) established through the victim's statements, (2) inferred from other evidence, or (3) shown though the totality of the circumstances." *State v. Oatis*, 2026-Ohio-724, ¶ 17 (4th Dist.)(citation omitted). Quite simply, "there must be some evidence that a victim either stated, or from other evidence it could be inferred, that the victim thought the accused would cause imminent physical harm." *State v. Casey*, 2024-Ohio-689, ¶ 11 (12th Dist.)(citation and internal quotations omitted). Probable cause existed for Redden's arrest.

***c. Baird Had Probable Cause to Arrest Redden for Domestic Violence Under Either Section.***

"Reasonableness is the touchstone of any seizure under the Fourth Amendment." *Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 567 (6th. Cir. 2016), *citing San Jose Charter of the Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962, 975 (9th Cir. 2005). And aligned with the above is that there must be probable cause to arrest *for some crime*. *Amis*, 637 Fed. Appx. at 861. An

arrest is therefore reasonable if probable cause exists as to some crime. Here, there are several from which to choose based upon the totality of the circumstances.[1]

For a *conviction*, the reasonable inference can be made that a struggle over personal property would probably [ ] caus[e] her some injury, even if only a slight and fleeting injury." *Musa*, 2013-Ohio-366 at ¶ 17. Moreover, mutual injury occurring over a mutual struggle for a cell phone does not negate a *conviction's* validity. *Schlosser*, 2011-Ohio-4183 at ¶ 8; *Celli*, 2017-Ohio-2746 at ¶ 24. This is the law as it pertains to R.C. § 2919.25(A). Here there was a struggle over a cell phone with video footage demonstrating Langen on the ground with Redden overtop of her that resulted in physical injury. Baird knew all of this at the time of arrest and arrest under R.C. § 2919.25(A) was available.

As to R.C. § 2919.25(C), a *conviction* may be had by statements, evidence, or the totality of the circumstances and this may come by way of the offender's non-verbalized actions. *Oatis*, 2026-Ohio-724 at ¶ 17; *Jennings*, 2025-Ohio-5790 at ¶ 13. There needs to be some evidence "that the victim thought the accused would cause

---

[1] Again, the footage depicted (1) Langen running after Redden for her phone and thereafter (2) Redden threatening to take the child; (3) Langen asking for assistance from the neighbor; (4) Langen attempting to retrieve her phone from Redden while on the ground at the door of the residence with Redden standing over her; (5) Redden calling Langen a piece of shit; and (6) Langen yelling for someone to call the cops. She arrived at the police department and was visibly distraught in doing so. Langen had torn pants and injury, albeit minor, that occurred over a struggle for her cell phone.

imminent physical harm." *Casey*, 2024-Ohio-689 at ¶ 11. Even without the fact of injury during Langen's struggle with Redden it remains that he took her phone, threatened to take the child, called her a piece of shit *and* that Langen sought assistance from the neighbor when she could not call for help after a struggle with Redden leaving her on the ground and him standing over her. Baird knew all of this at the time of arrest and an arrest under R.C. § 2919.25(A) was available.

While the foregoing was available at the time of arrest, Ohio law stated that a written statement of a domestic violence provides law enforcement with "reasonable cause" (probable cause) to arrest the suspect:

> A peace officer "has reasonable grounds to believe that the offense of domestic violence . . . has been committed and reasonable cause to believe that a particular person is guilty of committing the offense if any of the following occurs:
>
> A person executes a written statement alleging that the person in question has committed the offense of domestic violence[.]

R.C. § 2935.03(B)(3)(a)(i). *See State v. Gipp*, 2024-Ohio-1076, ¶ 29 (2nd Dist.)("[R]easonable grounds and reasonable cause under R.C. 2935.03 equate to probable cause[.]"); *State v. O'Neill*, 2015-Ohio-815, fn. 2 (3rd Dist.); *White v. Roch*, 2005-Ohio-1127, ¶ 17 (9th Dist.); *Sheets v. Mullins*, 109 F. Supp. 2d 879, 891 (S.D. Ohio 2000) (Written statement of domestic violence victim authorizes immediate arrest.)(negative treatment on other grounds.). Redden obtained a written statement

from Langen at the police department, thus providing him probable cause. Redden concedes this. (App. Doc. 13, PgID 25, fn. 6.)

For Redden's argument to have any merit would therefore require a showing that Baird somehow lost probable cause such that no officer could reasonably believe that Redden *probably* committed a crime. In other words, Redden must show that what Baird observed prior to responding to the residence meant nothing. That showing would be implausible in and of itself but also by way of what occurred next.

Baird responded to the residence already with the "probably" required for an arrest. He spoke with Redden, spoke with a witness, and viewed the video depicting (1) Langen running after Redden; (2) Redden threatening to take the child; (3) Langen asking for assistance from the neighbor; (4) Langen attempting to retrieve her phone from Redden while on the ground at the door of the residence while he stands over her; (5) Redden calling Langen a piece of shit; and (6) Langen yelling for someone to call the cops.

In other words, Baird – with the victim's written statement (probable cause) already in hand – observed and found: (1) *why* Langen reported Redden stole her phone (he did with the intent of keeping it); (2) *why* Langden was chasing Redden (because he stole her cell phone with the intent of keeping it; (3) *why* Langen needed assistance from the neighbor (lack of a phone); (4) *why* her pants were torn and why she was injured (struggle over the phone that Redden actively kept from her); (5)

*why* she was distraught (a struggle and being called a piece of shit by her child's father who threatened to take the child); and (6) *why* Langen was yelling for someone to call the cops (all of the above).

What Baird found when he furthered the investigation was therefore nothing other than an explanation or corroboration of what Langen already told him at the police department. Explanations and corroboration tend *not* to negate pre-existing probable cause provided under state law (which also prefers arrest), especially when the "totality of the circumstances" Baird had to work with – circumstances faced by the officer *on the* scene, *Puskas*, 56 F.4th at, 1094 – were pieced together because he was not present during the incident. In other words, Baird could reasonably believe that Redden "knowingly cause[d] or attempt[ed] to cause physical harm to a family or household member," R.C. § 2919.25(A), or "knowingly caus[ing] a family or household member to believe that the offender will cause imminent physical harm to the family or household member." R.C. § 2919.25(C).

For Baird's decision to arrest to be unreasonable, he would have to first make a determination that Redden could not possibly "[be] aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. § 2901.22(B)("knowingly"). More specifically, Baird would have to determine that Redden could not possibly be aware that struggling with a person on the ground over a cell phone could cause an injury. R.C. § 2901.22(B); R.C. § 2919.25(A). Redden

cannot prove this. Baird was entitled his inferences at the scene, and case law already demonstrates that similar circumstances support conviction.

Alternatively, for an arrest under R.C. § 2919.25(C) to be unreasonable, Baird would have to first make a determination that Redden could not possibly "[be] aware that the [his] conduct will probably" "cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member." R.C. § 2901.22(B); R.C. § 2919.25(C). Redden cannot prove this, Baird was entitled the inferences, and again, case law demonstrates that similar circumstances lead to conviction. As to either, Baird only needed probable cause – not a fact-finder's determination of guilt beyond reasonable doubt on the scene. Redden ignores that Baird had a basketful of "probablies" and chooses to rely on the irrelevant decision of the Twelfth District about what occurred at trial.

All in all, qualified immunity shields Baird. "[i]f judges can reasonably disagree about the meaning of the Constitution, we should not punish public officials for reasonably picking one side or the other of the debate. *Citizens in Charge, Inc. v. Husted*, 810 F.3d 437, 443 (6th Cir. 2016). To the extent Twelfth District opinion means anything at all, it goes to show that they chose one side of the debate as to guilt. Other judges have already determined that a written statement by a domestic violence victim provides probable cause. *Gipp*, 2024-Ohio-1076, ¶ 29; *O'Neill*, 2015-Ohio-815, fn. 2; *White*, 2005-Ohio-1127, ¶ 17; *Sheets*, 109 F. Supp. 2d at 891.

To the extent there is any relationship, this goes to show that Baird was entitled to "pick one side of the debate" that probable cause existed for the arrest.

#### ***d. An arrest is lawful "so long as there is probable cause to arrest her for some crime, even if the crime for which there is probable cause is different from the stated crime of arrest."[2]***

The totality of the circumstances inform an officer's decision to arrest. It follows that some totalities lead to an arrest for one crime, another crime, or both. If case law means anything, it means that probable cause existed to arrest Redden for domestic violence or other crimes. This is detrimental to his belief that the Twelfth District opinion holds water in this proceeding. After all, that opinion was about proof beyond reasonable doubt as to domestic violence – not probable cause as to it or any other crime relevant to the inquiry.

The objectivity of arrest is relevant in federal law, *Amis*, 637 Fed. Appx. at 861, but also in Ohio law. Indeed, the ***Twelfth District*** – ironically – finds that "the probable cause inquiry does not focus on offenses that officers subjectively contemplate at the time of arrest, nor is the inquiry limited to offenses with which a criminal defendant is actually charged[.]" *State v. Lynch*, 2026-Ohio-2977, ¶ 19 (12th Dist.)(citation and internal quotations omitted). "The Supreme Court expressly rejected the rule that the offense establishing probable cause must be 'closely

[2] *Amis*, 637 Fed. Appx. at 861.

related' to the offense the officer identifies at the time of arrest[.]" *Id*. at ¶ 19, *citing Devenpeck v. Alford*, 543 U.S. 146, 154 (2004). Otherwise, "the constitutionality of an arrest under a given set of known facts [would] "vary from place to place and from time to time," *Devenpeck*, 543 U.S. at 154, *quoting Whren v. United States*, 517 U.S. 806, 815 (1996), depending on the officers stated reason. *Lynch*, 2026-Ohio-2977, ¶ 19.

The standard is probable cause for *some* crime. Here, Redden asks this Court to find that he should not be arrested *at all* because he believes that he should not have been arrested for *domestic violence*. *Devenpeck* and *Whren* demonstrate that the Fourth Amendment does not constrain the officer's decision to *what* crime is stated but rather whether probable cause exists for *a* crime – whether or not stated. Despite probable cause for domestic violence, it remains that 1) Baird had probable cause to believe Redden deprived Langden of a cell phone to which she was entitled and/or 2) tampered (changed the physical location) with a cell phone to which Langden possessed.

i. <u>Baird could have arrested Redden for theft</u>.

Redden admits to taking Langen's cell phone. (RE 18, PgID 444). This is a crime under Ohio law: "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: Without the consent of the owner or person

authorized to give consent[.]" R.C. § 2913.02(A)(1). To the extent Redden attempts to claim the phone is his, the argument is unavailing. He twice refers the phone as "her phone." (RE 18, PgID 460). But also, Redden *gave* her the phone. (Id., PgID 437).

Redden's argument of it being his phone would legitimize the figurative repossession of misanthropically gifted birthday present. Ohio law does not permit this. *See State v. Pesec*, 2007-Ohio-3846, ¶ 76 (11th Dist.)(Theft offenses require evidence of a wrongful taking from the *possession* of another ***.) The facts of this case align with Ohio's definition of "owner." An owner is, "any person, other than the actor, who is the owner of, who has possession or control of, or who has any license or interest in property or services, even though the ownership, possession, control, license, or interest is unlawful." R.C. § 2913.01(D).

Indeed, one's mere belief they are the true owner of property "does not give him a legal right to forcibly 'steal it back' from the current lawful owner[.]"'*State v. Miller*, 2015-Ohio-644, ¶ 29 (3rd Dist.); *see also*, *State v. Martin*, 2024-Ohio-2334, ¶ 19; 54 (4th Dist.)(retrieving own property does not negate a theft *conviction*; theft requires "that a defendant deprived someone of property who had 'possession or control of, or any license or any interest in' that property."(citation omitted)). Baird knew of this theft when he responded to the residence. (RE 16, PgID 95). This did not turn out to be untrue. Moreover, Baird admits that he gave Langden the phone

and that he reached into her car and "grabbed the phone" from the charger. (RE 18, PgID 439; 442.) And indeed, Baird told Redden at the scene he could be charged with theft. (RE 18, PgID 472-473.) He stated this as an alternative to arresting Redden for domestic violence. Therefore, while Redden arguments have all along been based upon the lack of probable cause for *domestic violence*, it remains that although there was, there was also probable cause to arrest for theft. This is exactly what *Amis* permits. Baird had probable cause to arrest Redden for theft – a theft that initiated the entire incident. (RE 18, PgID 514).

ii. Baird could have arrested Redden for criminal mischief.

Second, Ohio law prohibits any person "knowingly mov[ing] or "improperly tamper[ing" with "the property of another." R.C. § 2909.07(A)(1). Again, Redden reached into Langen's vehicle and took the phone he gave her from the phone charger. (RE 18, PgID 439; 442.) This constitutes criminal mischief, which requires "a showing of some change in either the physical location or physical condition of the property is necessary to sustain a conviction under the statute." *State v. Collier*, 2010-Ohio-4039, ¶ 23 (2nd Dist.); *see also*, *State v. Cooke*, 2016-Ohio-3445, ¶ 14 (5th Dist.); *State v. Holder*, 2024-Ohio-4505, ¶¶ 7; 17 (2nd Dist.)(removing a camera from its mounting). This does not require much as demonstrated in *Holder* and *State v. Waseleski*. In *Waseleski*, defendant was *convicted* for criminal mischief. *City of Broadview Heights v. Waseleski*, 2023-Ohio-4790, ¶ 23 (8th Dist.). Therein, a

disgruntled employee of a cleaning services company strew trash about a hospital's second floor; he was the only cleaner working the floor. *Id*. at ¶¶ 7-9. One police officer testified that "[i]n his view . . . [the defendant was] reaching into a bag and taking stuff out and throwing it." *Id*. at ¶ 12.

This defendant appealed, but his conviction upheld because – as the appellate court noted – "improperly tamper" within the statute means to "change the physical location [of the property]." *Id*. at ¶ 23. In upholding the conviction, the court noted that "[the defendant] was the only employee assigned to the area where the trash was discovered, and the video-surveillance footage shows Waseleski walking into the office with 'a full trash bag and then never coming back out with it.'" *Id*. at ¶ 22.

In this case, Redden was the only person identified by anyone to have taken Langden's phone, and indeed, he admitted to doing so. Moreover, there is video of Langden pleading for him to give her back her phone. Further, Redden testified Baird asked him about the phone. (RE 18, PgID 472.)("He asked me all the questions.") And noted above, Redden testified that Baird told him to return the phone to Langden or be arrested for *theft*. (Id., PgID 472-473.) This runs contrary to Redden's assertion that Baird "[made] a baseless arrest and then seek[s] to justify it only years later." (App. Doc. 13, PgID 31.) This was an alternative crime to charge with or beside domestic violence. After all, theft typically involves changing the location of property. Accordingly, if Redden admitted to taking the phone in the context of theft,

he admitted to moving the phone in the context of criminal mischief. Baird had probable cause to arrest Redden for criminal mischief – criminal mischief that initiated the entire incident, (Redden Depo, RE 18, PgID 514), or domestic violence.

**2. The District Did Not Err In Granting Officer Baird Summary Judgment On Appellant's Malicious Prosecution Claim.**

Redden's malicious prosecution claim fails because probable cause existed but would fail even if it did not. To prevail on a federal law claim, a plaintiff must demonstrate "(1) that a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute; (2) that the state lacked probable cause for the prosecution; (3) that the plaintiff suffered a deprivation of liberty because of the legal proceeding; and (4) that the criminal proceeding was resolved in the plaintiff's favor." *Jones v. Clark Cty.*, 959 F.3d 748, 756 (6th Cir. 2020), *citing Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010)(internal quotations omitted).

Probable cause negates a malicious prosecution malicious prosecution claim. *Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007). Moreover, the "deprivation of liberty" is that coming "as a consequence of a legal proceeding[.]" *Wright v. City of Euclid*, 962 F.3d 852, 875-876 (6th Cir. 2020); *see also Miller v. Maddox*, 866 F.3d 386, 389 (6th Cir. 2017)(the deprivation of liberty comes "as a result of the legal proceedings"). Here, the parties do not dispute that Redden's criminal conviction

was overturned by way of appeal. The reversal was due to evidence presented *at trial*, but in any event it meets the fourth element – a favorable outcome. *See Cotton v. Hughes*, 176 F.4th 886, 897 (2026). What is in dispute, however, is: (a) whether there was probable cause to arrest; and (b) whether Baird "made, influenced, or participated in the decision to prosecute[.]"

***a. Baird did not actively participate in the decision to prosecute.***

As to "made, influenced, or participated in the decision to prosecute," "the officer must participate in a way that aids in the decision, as opposed to passively or neutrally participating." *Richards v. Cty. of Washtenaw*, 818 Fed. Appx. 487, 493 (6th Cir. 2020)(citation omitted). To that, testifying at trial "can *never* be the basis of a malicious prosecution claim[.]" *Id*., *citing Rehberg v. Paulk*, 566 U.S. 356, 367, 132 S. Ct. 1497 (2012), unless a plaintiff shows that "an officer deliberately or recklessly gave false testimony at trial." *Novak v. City of Parma*, 33 F.4th 296, 307 (6th Cir. 2022)(citation omitted). Absent falsehoods, a witness possesses *absolute immunity*. *Rehberg v. Paulk*, 566 U.S. 356, 367 (2012). Here, Redden does not allege nor is there evidence that Baird lied during the trial or otherwise.

At best, Redden discredits Baird's report in the criminal proceedings. (RE. 13, PgID 34)("Baird misrepresented the content of the videos to any reviewing authorities.") This comes as no surprise because, again, criminal defendants typically do not agree with law enforcement's version of events. But more, "filing

an allegedly misleading case report, without more active participation, qualifies only as "passive or neutral" participation and is thus an insufficient basis for a malicious-prosecution claim." *Richards*, 818 Fed. Appx. at 493. Further, Redden's contention that Baird's report was viewed by "reviewing authorities" only goes to show that the "reviewing authorities" agreed with Baird's description. After all, the *prosecutor* determined to file charges and the *prosecutor* decided to go to trial. Participate is not active where the officer had no role in determining to prosecute. *Kinkus v. Village of Yorkville*, 289 Fed. Appx. 86, 91 (6th Cir. 2008).

*Kinkus*, however, is key for Appellees even beyond findings as to the officer's lack of involvement in the prosecution. Kinkus, the party found *not guilty* at his state trial, sought to "contest the accuracy of [the officer's] police report." *Id*. at 92. This Court did not take the bait. This because they found that "[t]he facts surrounding the incident were fully and fairly litigated in the state criminal proceeding," and therefore subject to collateral estoppel[3] because the basis of the prosecutor's decision to charge was the police report and "[t]he facts surrounding the incident were fully and fairly litigated in the state criminal proceeding[.]" *Id*. at 91. The same goes here: (1) the prosecutor made the decision to charge Redden based upon Baird's report;

[3] "[U]nder Ohio law, collateral estoppel applies to facts that: "(1) [were] actually and directly litigated in the prior action, (2) [were] passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action." *Kinkus* at 92, *citing Bentley v. Grange Mut. Cas. Ins. Co.*, 119 Ohio App. 3d 93, 694 N.E.2d 526, 530 (Ohio Ct. App. 1997).

(2) the criminal proceeding was fully litigated (in state court); and (3) Redden seeks to contest the report's accuracy that was the basis of the prosecutor's decision to charge. Therefore, to the extent Redden's arguments to the same held any water, they do not now and are barred. The lack of evidence of any wrongdoing and Baird's passive "participation" come nowhere near that necessary for malicious prosecution.

#### *b. Probable Cause To Arrest And Probable Cause to Prosecute Are Distinct*

The probable cause analysis as to arrest is outlaid above and it informs the analysis of a malicious prosecution claim. After all, if probable cause did not exist to make an initial arrest, the prosecution thereafter would – barring additional evidence – also be without probable cause. But the analysis is distinct and of no help to Redden. "For starters, false-arrest and malicious-prosecution claims require courts to analyze whether probable cause existed at two distinct points in time—the time that the defendant arrested the plaintiff versus the time that the defendant participated in the prosecution." *Alford v. Deffendoll*, 165 F.4th 490, 500 (6th Cir. 2026), *citing Sykes*, 625 F.3d at 310-311.

Here, Defendants argue that Baird had probable cause to make the *arrest*. But what remains is that the *prosecutor* decided to prosecute and the determination of probable cause to do so was in their hands – not Baird's. This further wrecks the claim: "What is certain . . . is that [a malicious prosecution] claim fails when there

was probable cause *to prosecute* . . .” *Sykes*, 625 F.3d at 311, *citing Fox*, 489 F.3d at 237(emphasis added in *Sykes*).

Here, Redden focuses solely on Baird’s decision *to arrest* that led to a prosecution. From what Defendants garner from the Complaint and briefs, there are no allegations and no arguments as to a *lack* of probable cause *to prosecute*. Because probable cause to arrest and prosecute are distinct, even if Baird lacked probable cause to arrest (he did not, see above), Redden merely relies upon a wrongful arrest claim to do the job for the distinct malicious prosecution because filing a report, signing charges, and testifying are inherently insufficient. Accordingly, Redden’s malicious prosecution claim fails because the existence of probable cause to arrest informed the prosecutor’s decision to prosecution *and* because there is no showing of a probable cause-*less* prosecution.

**C. The District Court Did Not Err In Dismissing Redden’s *Monell* Claim.**

There is no viable *Monell* claim against Ross Township for failure to train or supervise or otherwise. After all, there are no viable claims against Baird. “There can be no liability under *Monell* without an underlying constitutional violation.” *Chambers v. Sanders*, 63 F.4th 1092, 1101-1102 (6th Cir. 2023), *citing Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014); *see also, Martinez v. Wayne Cnty.*, 142 F.4th 828, 844 (6th Cir. 2025).

But, even if there was a constitutional violation on the part of Baird (there was not), it does not follow that *Monell* is revived. This is because "[t]he absence of a clearly established right spells the end of [a] *Monell* claim." *Arrington-Bey v. City of Bedford Heights*, 858 F.3d 988, 995 (6th Cir. 2017). Here, the record is void of evidence that there was a violation of a clearly established right. But again, even if there was a violation of a clearly established right, it does not follow that *Monell* is revived. This is because succeeding on a failure to train or supervise claim requires a plaintiff prove: "(1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." *Ouza v. City of Dearborn Heights*, 969 F.3d 265, 286-287 (6th Cir. 2020)(citation omitted).

Redden fails to establish and does not even try to establish that Baird did not follow R.C. § 2935.03(B)(3)(a)(i) or R.C. § 2935.03(B)(3)(b-c) and that the Township's failure caused it. Why? Because Redden followed the law and arrested a suspect of domestic violence who was accused in a written statement for doing the same where state law prefers that he does so. That Baird followed the law torches the claim that the Township failed to train or supervise. After all, the Chief of Police checked and approved Baird's report. (Bryan Rogers Depo., RE 17, PgID 248.) Bryan Rogers was responsible "to make sure that [the officers are] doing what they

have been trained to do[.]" (Id., PgID 243.) Moreover, the Township's Domestic Violence Policy cites Ohio's preferred arrest statute, R.C. § 2935.03, which is the same statute providing reasonable cause upon receipts of a written statement from domestic violence victim. (Policy, RE 17-2, PgID 271.)[4]

Redden fails to establish a failure even if the aforementioned statutes for domestic violence arrest did not exist – that he was arrested without probable cause under the elements of R.C. § 2919.25. Doing so would require Baird to demonstrate that the Township failed – and was obligated – to train and supervise Baird's actions to ensure they were compatible with Redden's objections that "he didn't do it." Quite simply, Redden is tasked with proving that the Township was obligated to but did not train and supervise Baird to agree with and think like Redden, the suspect[5] The law has never required this.

Next, Redden would have to prove that a purported "inadequacy was the result of the municipality's deliberate indifference." "[D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Jackson v. City of Cleveland*, 925

---

4 "An officer who has reasonable grounds to believe that a person has committed the offense of domestic violence or a violation of a protection order should arrest and detain the person (ORC § 2935.03(B)(1); ORC § 2935.032). Any decision to not arrest when there is reasonable cause to do so requires supervisor approval." (Policy, RE 17-2, PgID 271.)

5 If it did, one could suppose that Baird would be entitled to 1) take someone's phone; 2) threaten to take their child; and 3) call them a piece of shit – like Redden does.

F.3d 793, 836 (6th Cir. 2019), *citing Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 410, 117 S. Ct. 1382 (1997). A plaintiff may prove deliberate indifference by demonstrating "(1) a pattern of similar constitutional violations by untrained employees" or (2) a single violation of federal rights, accompanied by a showing that [the municipality] has failed to train its employees to handle recurring situations presenting an obvious potential for a constitutional violation." *Morgan v. Wayne Cnty.*, 33 F.4th 320, 329 (6th Cir. 2022)(citation and internal quotations omitted).

Here, Redden facially presents no evidence of a "pattern of similar constitutional violations," but could not do so in any event because "similar" implies a constitutional violation in the instant case that – as shown above – does not exist. From this it follows that Redden cannot demonstrate that this incident was a "single violation" demonstrating "recurring situations presenting an obvious potential for a constitutional violation." After all, doing so would require him to prove that recurring constitutional violations or potential thereof occurs because the Township's officers heed the law, namely, R.C. § 2935.03(B)(3)(a)(i) and R.C. § 2935.03(B)(3)(b-c). As it relates to this case, Redden is tasked to prove that the Township should in fact caution officers *not* to follow state law and *not* to follow up on a domestic violence complaint so long as the officer has a written statement of the victim. This would tend to cut against two core tenets of law enforcement: (1) investigate crimes and (2) follow the governing law.

Lastly, Redden cannot prove that the Township's purported "inadequacy" of training and supervising domestic violence calls "[is] closely related to or actually caused the injury." This would first assume a cognizable injury which falls flat, but it would fail even if there was some showing of an injury. This because the evidence is insufficient to plausibly show that the Township's training and supervision caused Redden's arrest. Indeed, the Township's policy cites the Ohio Revised Code as it relates to domestic violence investigations. (Policy, RE 16-2, PgID 192.) Baird followed the Ohio Revised Code which does not follow from the assertion, and vice versa, that the Township *caused* an injury due to lack of training or supervision.

Redden contends that the Township is liable because Baird "had no idea if his report was actually reviewed by a supervisor[.]" (App. Doc. 13, PgID 36.) This proves nothing because Baird's *knowledge* of whether his reports are reviewed does not mean they are not reviewed, much less that his *knowledge* of whether his reports are reviewed would be the *cause* of a constitutional violation. But more, Redden omits the following: "[W]hoever approves the report, it's based on that log-in, and in this case it was actually Chief Burton Roberts." (Bryan Rogers Depo., RE 17, PgID 248, ¶¶ 8-17.) In short, the Chief of Police reviewed and approved Baird's report, unlike Redden's suggestion that the report went untouched. (Id.)

Accordingly, Redden's entire *Monell* argument fails. First, there is no evidence of "repeated complaints" as could be sufficient. *See Howell v. NaphCare*,

*Inc.*, 67 F.4th 302, 319 (6th Cir. 2023). Second, a single instance of an officer following the law does not support a *Monell* claim. *See generally, Id.*, *quoting Ouza*, 969 F.3d at 287. And third, unlike *Ouza*, Chief Roberts reviewed and approved the report. This means there is evidence that the Township "does in fact evaluate, review, or monitor the conduct of its officers." *See Ouza* at 289. This even where Officer Baird's conduct aligned with the Ohio Revised Code. This claim fails.

## VII. Conclusion

The District Court did not err in granting Appellees summary judgment as to all claims. The facts at hand under relevant case law make clear that Baird had probable cause to arrest Redden for several crimes and that submitting the case for prosecution is not "malicious prosecution" in any sense. It follows that Ross Township is not subject to a claim for failing to supervise because there was no underlying wrongdoing. The District Court's decision should be affirmed.

Respectfully submitted,

s/*Dawn M. Frick*
Dawn M. Frick (0069068)
Jeffrey C. Turner (0063154)
Justin R. Marks (0103811)
8163 Old Yankee Street, Ste. C
Dayton, Ohio 45458
T: (937) 222-2333 (office)
F: (937) 222-1970
dfrick@sdtlawyers.com
jturner@sdtlawyers.com
jmarks@sdtlawyers.com
*Attorneys for the Appellees Tim Baird and Ross Township, Ohio*

## VII. Certificate of Compliance

Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements.

1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 9120 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Times New Roman in 14-point font.

Respectfully submitted,

s/*Dawn M. Frick*

Dawn M. Frick (0069068)
Jeffrey C. Turner (0063154)
Justin R. Marks (0103811)
8163 Old Yankee Street, Ste. C
Dayton, Ohio 45458
T: (937) 222-2333 (office)
F: (937) 222-1970
dfrick@sdtlawyers.com
jturner@sdtlawyers.com
jmarks@sdtlawyers.com
*Attorneys for the Appellees Tim Baird and Ross Township, Ohio*

Dated: September 23, 2026

## VIII. Certificate of Service

I hereby certify that on September 23, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/Dawn M. Frick
Dawn M. Frick (0069068)

## IX. ADDENDUM

**Appellees' Designation of Relevant Court Documents:**

Appellees, pursuant to 6th Cir. R. 30(g), hereby designate the following relevant court documents:

| Description of Entry | Date Filed | Record Entry No. | Page ID# |
|---|---|---|---|
| Complaint | 6/25/24 | 1 | 1-8 |
| Answer of Defendants Tim Baird and Ross Township | 8/15/24 | 4 | 14-21 |
| Deposition of Timothy Baird | 9/11/25 | 16 | 52-182 |
| Timothy Baird Deposition Transcript Exhibit 12 | 9/11/25 | 16-2 | 188-194 |
| Timothy Baird Deposition Transcript Exhibit 15 | 09/11/2025 | 16-5 | 203-210 |
| Deposition of Bryan Rogers | 9/11/25 | 17 | 218-265 |
| Deposition of Bryan Rogers Exhibit 2 | 9/11/25 | 17-2 | 267-273 |
| Deposition of Michael Redden | 9/11/25 | 18 | 413-528 |
| Defendants' Motion for Summary Judgment | 9/15/25 | 19 | 538-555 |
| Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment | 10/27/25 | 22 | 798-822 |
| Defendants' Reply in Support of Motion for Summary Judgment | 11/10/25 | 23 | 823-838 |
| District Court Order and Opinion Granting Defendants' Motion for Summary Judgment | 5/26/26 | 24 | 960-977 |
| Clerk's Judgment | 5/26/26 | 25 | 978 |
| Plaintiff's Notice of Appeal | 6/11/26 | 26 | 979 |